## A. Dakin & another *vs.* A. Visocchi.

Middlesex. December 13, 1928. — December 14, 1928.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*District Court*, Appellate division. *Practice, Civil*, Appellate division. *Broker*, Commission.

A request, by the defendant at the trial of an action of contract in a district court, for a ruling that, "Upon all the evidence and the law the defendant is entitled to a finding," presents the question of law, whether upon all the evidence the plaintiff is entitled to recover; and, if the judge refuses the request and finds for the plaintiff, and, at the request of the defendant, reports the question to the Appellate Division, and the record before the Appellate Division shows that there was no evidence at the trial warranting a finding for the plaintiff, it is proper for the Appellate Division to order the finding reversed and judgment entered for the defendant.

In the circumstances above described, it was held to have been proper for the Appellate Division to order judgment for the defendant in an action of contract by a broker for a commission for procuring a sale of real estate where there was no evidence of a contract of exclusive brokerage or that the plaintiff procured even an offer from one who finally purchased the property and it appeared that the sale was made through the efforts of others.

Contract for a commission for procuring a purchaser of real estate of the defendant. Writ in the District Court of Central Middlesex dated June 1, 1927.

At the trial in the District Court, the plaintiffs' evidence was to the effect that in March, 1924, the defendant agreed with the plaintiffs that he would pay the plaintiffs, if they should procure a purchaser for the farm in question, a commission of five per cent and that the defendant's price was $16,000, that in October, 1924, the plaintiffs took one Robinson to the premises of the defendant for an interview; that the terms for the sale of the farm were discussed, but no offer was made by Robinson; that, about ten days after this October interview, the plaintiff Dakin saw Robinson, but could not procure an offer for the farm, and that a month later, probably in November, 1924, he saw Robinson

again for the last time, and that no offer was procured by him to make to the defendant for the sale of the said farm. The farm was sold in March, 1926, "through the good offices" of William Halliday to Robinson; that the plaintiffs had no knowledge that the farm had been sold until six months after the sale; and that at no time had they procured an offer to buy from Robinson or any one else. Evidence of the defendant was to the effect that the purchaser was obtained through the efforts of Halliday and one Ryder, and not by the plaintiffs.

The defendant, among other requests, asked the trial judge to rule that "Upon all the evidence and the law the defendant is entitled to a finding." The judge refused so to rule, found for the plaintiffs in the sum of $775, and, at the defendant's request, reported the action to the Appellate Division for the Northern District, who ruled that the trial judge erred in not granting the request above quoted, ordered the finding for the plaintiffs reversed and judgment entered for the defendant. The plaintiffs appealed.

The case was submitted on briefs.

*M. Rosenthal,* for the plaintiffs.

*J. Finelli,* for the defendant.

BY THE COURT. The question of law was raised in the trial court whether upon all the evidence the plaintiff was entitled to recover. The request for a finding for the defendant presented that question. When the case came before the Appellate Division it was rightly ruled that the finding for the plaintiff ought to be reversed and judgment entered for the defendant. St. 1922, c. 532, § 8, adding § 110A to G. L. c. 231. It is not necessary to narrate the evidence in detail. It is enough to say that it was insufficient to support a finding that the plaintiff was the efficient cause of bringing about the sale of real estate on which he sought to recover a commission.

> *Order reversing finding for the plaintiff and*
> *directing judgment for the defendant affirmed.*